## Dudley *vs* Donaldson, &c.

ERROR TO THE FLEMING CIRCUIT.

*Attachment in Chancery.*

JUDGE MARSHALL delivered the Opinion of the Court.

CHANCERY

*Case* 58.

*December* 23.

Question stated.

THE principal question presented in this record is, whether the first section of the act of February, 1837, relative to proceedings against non-residents, &c. (*Ses. Acts,* 103,) gives the remedy by attachment in chancery, against an absent defendant, in a case where the debt sought to be enforced, falls due so short a time before the commencement of the term of the Court which has intervened during his absence, that though he had not been absent from his usual residence, the ordinary legal process could not have been served upon him in time for a trial and judgment at that term. If this question must be answered in the affirmative, then although the debt may fall due while the debtor is absent from the State, and only a day or two before the commencement of a term of the Court, yet if his absence continues until after that term expires, his goods will be subject to attachment under the statute, on the very day after the expiration of the term. This is substantially the case now before us; and upon a literal interpretation of the statute, the remedy is applicable to such a case. For in the case supposed, the defendant has, in the language of the statute, "been without the State for such a length of time, that one term of the Circuit Court where he usually resides, has intervened during his absence, and the service of the ordinary process of law has been impracticable."

If the latter clause, referring to the impracticability of serving process had not been added, in describing the case to which the remedy is intended to apply, there could not be a question but that the simple fact of absence from the State for such a length of time, that one term of the Court, where the debtor usually resides, has intervened during his absence, was all that was required to authorize the proceeding. But as absence from the State during

Attachment in chancery lies against a defendant who is absent from the State during one term of the Circuit Court of the county of his residence, though the debt did not fall due in time to have obtained

DUDLEY
*vs*
DONALDSON, &c.
_____
a judgment at
law    at    such
term.

the term would necessarily involve and carry with it the impracticability of serving ordinary process on the ab. sentee during that term, the addition of the subsequent clause referring to the impracticability of serving process, furnishes ground for conjecturing at least, that the Legislature intended to require that the service of process should appear to have been impracticable, not only during the term, but at some other period. For the impracticability of serving it during the term, being clearly and necessarily implied in the fact of absence from the State during the term; the subsequent clause would be wholly unnecessary, and adds nothing to what is already required by the previous clause, if it does not require something more to appear than the impracticability of serving process during the term. But to enable this Court to give any particular efficacy to this subsequent clause, it is not sufficient that the mere introduction of it should indicate that something was intended by it more than had been previously expressed. It is also necessary that there should be something in the clause itself, or in other parts of the statute, from which it might, with reasonable certainty, be inferred what particular requisite the Legislature intended to point out by these additional words; or at least, there should be something in the subject itself, or in the nature and object of the proceeding, clearly indicating the Legislative intention.

But there is nothing in any part of the statute, which enables us to come to any satisfactory conclusion on this point. And although we may suppose that the objects intended to be accomplished in providing this rigid remedy might be attained, if the remedy should be allowed on the ground of mere absence from the State, only where it appeared that such absence had continued so long that not only one term had intervened, but that the service of process had been so obstructed by it as to prevent the creditor from getting his judgment at the term at which it might otherwise have been obtained; yet there is nothing in the statute or in the nature of the subject, or the proceeding, which absolutely precludes the idea that the Legislature intended to give the remedy upon the single fact of absence from the state during one entire term; and if

it were absolutely certain that the Legislature intended that some other fact should appear, in order to authorize the proceeding, there is nothing either in the statute or in the subject, or the proceeding, which indicates conclusively or even with reasonable certainty, what additional requisite was intended to be prescribed.

We cannot, upon the mere conjecture that the Legislature would not have introduced the additional clause referred to, unless it had intended to prescribe some additional requisite, add a particular requisition simply on our own authority and on our own sense of what might be just and convenient, and thus withhold the remedy from a case which comes up to the literal requisition of the statute. And we feel constrained to give to the last clause, though introduced by copulative words, as if it added something to what was before required, the same effect as if it were introduced with the words "so that," which would indicate the intention of expressing merely a consequence of that which had been already said, and not of adding any thing new. We are of opinion, therefore, that the remedy by attachment is given by the statute in this case, and as the imperfection in the attachment bond should not prevent a disposition of the goods for the satisfaction of the debt, they being in the power of the Court at the time of rendering the decree, and as the appearance of the defendant dispensed with the bail bond, we perceive no error which should be a ground of reversal.

Wherefore, the decree is affirmed.

*Hord* for plaintiff; *Payne & Waller* for defendants.